### DANIEL DESHON vs. EDWARD B. BIGELOW & others.

A sale and delivery of goods upon condition that the title shall not pass until payment of the price give the vendee no title which he can convey to a purchaser in good faith and for a valuable consideration.

REPLEVIN of two cases of cigars. The defendants claimed the cigars as *bona fide* purchasers for a valuable consideration from Tinkham, Adams & Company.

At the trial in the court of common pleas before *Mellen*, C. J., there was evidence tending to show that the cigars were purchased from the plaintiff by Tinkham, Adams & Co. for cash, and were delivered to them upon the condition that the title should not vest in them until payment of the purchase money; that payment was twice demanded and refused, and a few days afterwards Tinkham, Adams & Co. failed, having sold the cigars to the defendants three days before their failure.

The plaintiff, in order to show that the purchase by Tinkham, Adams & Co. was fraudulent, was permitted, against the defendant's objection, to introduce evidence tending to show other frauds committed by them near the same time.

The court instructed the jury that if the sale by the plaintiff was upon the condition that the property should not pass to the vendees until paid for in cash, and the delivery was made upon the same condition, and this condition had not been waived by the plaintiff nor performed by the vendees, the property did not pass to them, and they could not transfer a title even to an innocent purchaser for a valuable consideration

The jury found a verdict for the plaintiff, and also, in answer to questions submitted by the court, that the sale and delivery were upon condition, and the condition had never been waived nor performed. The defendants alleged exceptions.

*W. Brigham*, for the defendants.

*N. Morse*, for the plaintiff.

METCALF, J. The jury have found that the sale by the plaintiff to Tinkham, Adams & Co. was on a condition that the property in the cigars should not pass to them till payment therefor should be made in cash; that the delivery was upon the same condition; and that this condition was not waived by the plaintiff, nor performed by the purchasers. Hence, by settled rules of law, (which have been so recently discussed and applied that it is unnecessary to do more than to refer to three or four decisions,) neither an attaching creditor of the purchasers, nor their vendee, though buying of them in good faith, can hold the property against the plaintiff. *Hill* v. *Freeman*, 3 Cush. 257. *Coggill* v. *Hartford & New Haven Railroad*, 3 Gray, 547. *Sargent* v. *Metcalf*, 5 Gray, 306. *Burbank* v. *Crooker*, 7 Gray, 158.

The condition, on which the plaintiff's sale was made, being proved to the satisfaction of the jury, the question whether the defendants bought the cigars of Tinkham, Adams & Co. in good faith, or coöperated with them in a fraud on the plaintiff, became immaterial. Good faith would not have saved them, if they had exercised it; for their vendors, having no title to the property, could convey none. The defendants would have been in the same legal condition as are *bona fide* purchasers of stolen goods. We therefore need not inquire whether the evidence, as to fraud, which was objected to, was rightly admitted. If that evidence had been such as might affect the jurors' minds on the other question, viz. whether the sale by the plaintiff was or was not conditional, we should have deemed it our duty to decide on its admissibility. But we cannot see that it could, in any way, affect that question. *Exceptions overruled.*